IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDWARD A. BANKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00693-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER ON *JOHNSON*-BASED PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

**REAGAN, Chief Judge:**

### A. Introduction

In Case No. 13-CR-30202-MJR (the "underlying case"), Edward Banks pleaded guilty to a superseding indictment that charged him with possession with intent to distribute a controlled substance, cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The plea was entered pursuant to a written stipulation of facts but without a written plea agreement (13-CR-30202, Docs. 37, 38). On October 17, 2014, the undersigned sentenced Banks to 130 months in prison (a sentence below the advisory sentencing guidelines range of 151-188 months), plus a fine, a special assessment, and a term of supervised release.

On June 24, 2016, Banks filed in this Court a *pro se* petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Opened as the above-captioned civil case, the petition specifically referenced ***Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015)** and raised a *Johnson*-like claim. (Doc. 1, pp. 4-5). Before *Johnson* was

1

decided, the "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), swept convictions that "otherwise involve[d] conduct that presents serious potential risk of physical injury to another" into the ACCA's definition of a "violent felony." Under the ACCA, if a defendant violated 18 U.S.C. § 922(g) and had three or more previous convictions for a "violent felony," then the defendant's sentence for the 922(g) violation was significantly increased.[1] However, in *Johnson*, the United States Supreme Court held that ACCA's residual clause was unconstitutionally vague, and, therefore, enhancing a defendant's sentence under the ACCA's residual clause violated due process.[2] *Johnson*, **135 S. Ct. at 2563.**

On threshold review under Rule 4 of the Rules Governing Section 2255 Proceedings, the undersigned did not summarily dismiss Banks's petition. Banks was sentenced under § 4B1.1 of the U.S. Sentencing Guidelines—commonly referred to as the "career offender enhancement." (*See* 13-CR-30202, Doc. 5, pp. 4-5). Section 4B1.1 classifies a defendant like Banks, whose offense of conviction is a controlled substance offense, as a career offender if the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. The definition of "crime of violence" in § 4B1.2 includes language that is substantially similar to the "residual clause" held to be unconstitutionally vague in *Johnson*. When Banks filed his § 2255

---

[1] In *Johnson*, the defendant's sentence for felony possession of a firearm would have ordinarily been limited to a maximum of ten years. However, once enhanced by ACCA, the sentence was increased to a minimum of fifteen years and a maximum of life.

[2] *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, — U.S. —, **136 S.Ct. 1257 (2016).**

petition, it was unclear whether the holding of *Johnson* reached these residual clause-like provisions in the sentencing guidelines.

Pursuant to Administrative Order 176, the Court appointed the Federal Public Defender's Officer for the Southern District of Illinois to assist Banks in presenting any valid *Johnson*-based argument. Assistant Federal Public Defender Daniel G. Cronin entered his appearance on Banks's behalf, and filed a brief and supporting documents addressing the merits of Banks's petition on August 27, 2016 (Docs. 4, 5). The Government responded on October 11, 2016 (Doc. 11) and filed a notice of supplemental authority on May 12, 2017 (Doc. 13), following the Supreme Court's decision in ***Beckles v. United States*, 137 S. Ct. 886 (2017).** For the reasons stated below, the Court denies the petition.

### B. <u>Timeliness of Petition</u>

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year period of limitations for prisoners to file petitions seeking to modify or vacate their sentences under 28 U.S.C. § 2255. The period typically runs from the date on which the judgment of conviction became final. **28 U.S.C. § 2255(f);** *Clay v. United States*, **537 U.S. 522, 524 (2003).** However, the one-year limitation period may be triggered by the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered though the exercise of due diligence.

**28 U.S.C. § 2255(f).**[3] Banks filed his petition on June 24, 2016, and *Johnson* was decided on June 26, 2015. Therefore, the petition was timely-filed as to any *Johnson*-based claim. Additionally, Banks pleaded guilty without a plea agreement and, therefore, has not waived any appellate or collateral review rights. (Doc. 5, p. 3).

C. **Analysis**

Analysis begins with the proposition that relief under § 2255 is limited. It is "available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." ***Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013);** *Accord United States v. Coleman*, **763 F.3d 706, 708 (7th Cir. 2014).** Banks argues that the two predicate offenses, robbery (01-CF-1086) and aggravated robbery (03-CF-755), that increased his offense level under § 4B1.1 are not properly qualified as "crimes of violence" under the "elements clause" in U.S.S.G. § 4B1.2(a)(1). Rather, Banks maintains that his offenses fall under the residual clause in § 4B1.2(a)(2). The residual clause in the guidelines is worded identically to the unconstitutionally vague residual clause in the ACCA. Therefore, Banks posits that the holding in *Johnson* should extend

---

[3] The statute does not provide for extensions of time. However, the limitation period is procedural, rather than jurisdictional, and can be equitably tolled. ***Boulb*, 818 F.3d at 339,** citing *Holland v. Florida*, **560 U.S. 631, 645, 649 (2010).**

4

to the wording of § 4B1.2(a)(2) and that he must be resentenced "without career offender enhancements." (Doc. 1, p. 11).

In his brief, filed before the Supreme Court's decision in *Beckles*, the appointed Federal Public Defender suggests that there is no non-frivolous basis for the relief sought in the Banks's § 2255 petition. (Doc. 4, p. 1). He explains that Banks continues to qualify as a career offender after *Johnson* because Banks not only has the two predicate offenses used in the PSR to enhance his sentence (robbery and aggravated robbery) but also has a second aggravated robbery conviction (in Case No. 03-CF-779). (Doc. 4, p. 1). Cronin points out that both robbery and aggravated robbery qualify as crimes of violence under the elements clause of § 4B1.2(a)(1), not under the language similar to § 4B1.2(a)(2). *See United States v. Chagoya-Morales*, 859 F.3d 411, 421-22 (7th Cir. 2017), citing *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992) (considering the Illinois robbery statute) and *People v. Gray*, 806 N.E.2d 753, 757 (2004) (considering the Illinois aggravated robbery statute).

The Court need not delve into whether robbery and aggravated robbery qualify as crimes of violence under the elements clause or the residual clause of U.S.S.G. § 4B1.2. *Johnson* and its progeny related to the vagueness of residual clauses in criminal statutes. Banks, however, was not sentenced under the ACCA or any other statute. He was sentenced under § 4B1.1 of the sentencing guidelines. *Johnson* did not address the constitutionality of residual clauses found in various provisions of the guidelines, like the career offender provision found in § 4B1.1.

After Banks filed his petition, the Supreme Court held that the federal sentencing guidelines are not subject to due process vagueness challenges, *Beckles v. United States*, — U.S. —, **137 S. Ct. 886 (March 6, 2017),** because, unlike the ACCA, the guidelines are advisory and "do not fix the permissible range of sentences." **Id. at 892.** Therefore, *Beckles* put an end to Banks's argument, even if he were correct in his assertion that his convictions fell under the residual clause-like language of the guidelines, that his Illinois robbery and aggravated robbery convictions were improperly counted as crimes of violence.

### D. Conclusion

The Court finds that *Beckles* has closed the door on Banks's argument that he was improperly sentenced as a career offender under the guidelines. The petition is hereby **DISMISSED**. Judgment shall enter in favor of the Respondent United States and against Petitioner Banks.

### E. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires a district court entering a final order adverse to a petitioner to issue or deny a certificate of appealability. 28 U.S.C. § 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This standard requires the petitioner to demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the "issues presented were 'adequate to deserve encouragement to proceed

further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003), *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *See also United States v. Fleming*, 676, F.3d 621, 625 (7th Cir. 2012).

For the reasons explained above, the Court finds that Banks has failed to demonstrate that his sentencing involved an error of constitutional magnitude or a fundamental defect that resulted in a complete miscarriage of justice. Reasonable jurists would not find these conclusions debatable. Because Banks has failed to make a substantial showing of the denial of a constitutional right, the Court **DECLINES to issue** a certificate of appealability.

IT IS SO ORDERED.

DATED October 17, 2017

<u>*s/ Michael J. Reagan*</u>
MICHAEL J. REAGAN
United States District Judge